# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BRUCE TOWNSEND, aka, <br> Ras Lazarus Nazari <br><br> Plaintiff, <br><br> v. <br><br> ALPHA EMC, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CV420-429 <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is plaintiff Bruce Townsend's motion to correct/clarify through which he seeks to amend his complaint to seek monetary damages in the amount of $100,000.[1]  Doc. 5.  As a matter of

---

[1] The Court notes that plaintiff's motion contains many of the hallmarks of arguments made by proponents of the "sovereign citizen" theory.  As plaintiff has been previously advised, *see Townsend v. State of Georgia*, CV4:18-303, doc. 8 at 3–5 (S.D. Ga. Feb. 11, 2019), such arguments are viewed as frivolous attempts to avoid statutes, rules, and regulations that apply to all litigants and have been unanimously rejected by the federal courts.  *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts reject sovereign citizen legal theories as "frivolous") (*citing United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars" (cite omitted)).  "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they

course, a party may amend their pleadings once without seeking leave of the Court within (A) 21 days of service or (B) with 21 days of responsive pleadings being served. Fed. R. Civ. P. 15(a)(1). As defendants have not yet been served[2] nor filed an answer to the complaint, plaintiff's motion is **GRANTED**.[3]

Plaintiff has also filed an incomplete and unilateral Rule 26(f) Report. Doc. 7. Federal Rule of Civil Procedure 26(f) requires the parties to *confer* on a discovery schedule and submit a written report of their agreement to the Court. Fed. R. Civ. P. 26(f). Such report cannot be submitted without the involvement of both parties. Per local rule, the conference must normally occur within 60 days of service of the pleadings upon defendant or 45 days of defendant appearing, whichever is earlier.

---

are presented." *Benabe*, 654 F.3d at 767 (emphasis added).

[2] The complaint and motion to correct include statements in which plaintiff attests to having sent copies to defendant. Doc. 1 at 15; doc. 5 at 2. This is not sufficient to constitute service under the Federal Rules of Civil Procedure. *See*, Fed. R. Civ. P. 4(e) (detailing the methods of serving a complaint and summons).

[3] As plaintiff is proceeding *in forma pauperis*, he is entitled to service of his pleadings by the United States Marshals Service. 28 U.S.C. § 1915(d). Prior to service, the Court must screen the pleadings pursuant to 28 U.S.C. § 1915(e)(2), which requires the dismissal of any case deemed that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a party that is immune from such relief. 28 U.S.C. § 1915(e)(2).

L.R. 26.1(a). To date, defendant has not appeared in this case. As plaintiff is proceeding *pro se*, service of the pleadings will not be authorized until the Court has completed its review under 28 U.S.C. § 1915(e)(2). The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** plaintiff's unilateral Rule 26(f) Report. Doc. 7. The parties must jointly comply with the requirements of Rule 26(f) following service of the pleadings or the appearance of defendant.

**SO ORDERED**, this 1st day of December, 2020.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA