IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRUCE TOWNSEND,

    Plaintiff,

v.

ALPHA EMC INC.,

    Defendant.

CIVIL ACTION NO.: 4:20-cv-249

### O R D E R

Plaintiff filed this action, *pro se*, pursuant to the 42 U.S.C. § 1983.  (Doc. 1.)  Concurrent with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*, (doc. 2), which the Court has granted, (doc. 4).  As set forth below, the Court **DISMISSES** Plaintiff's Complaint for failure to state a claim and directs the Clerk of Court to **CLOSE** this case.

### PLAINTIFF'S ALLEGATIONS

In her Complaint, Plaintiff states Defendants makes a number of conclusory allegations that are difficult for the Court to decipher.  (Doc. 1.)  However, it appears that he was employed by Defendant Alpha EMC, Inc. (Id. at p. 4.)  At some point, he made unspecified complaints to his employer including complaints regarding lack of protection from the COVID-19 virus.  (Id. at pp. 5, 8.)  It appears he was terminated after giving notice of his intent to resign and that an employee injured him by dropping a weight on Plaintiff's foot.  (Id.)

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all

of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a complaint filed in conjunction with an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also

2

Case 4:20-cv-00249-RSB-CLR   Document 10   Filed 04/27/22   Page 3 of 5

"accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

This Court, like all district courts of the United States is a Court of "limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). It possesses only that power authorized by the Constitution and by Congress. Id. Moreover, Plaintiff bears the burden of establishing that his claims fall within this Court's subject matter jurisdiction. Kokkonen, 511 U.S. at 377 ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]"); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

3

Plaintiff attempts to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331 by asserting a claim under 42 U.S.C. § 1983. (See doc. 1, pp. 3, 4, 7, 10, 11, 14.) Under Section 1983, a plaintiff must establish both a violation of a right secured by the Constitution or the laws of the United States and demonstrate that the alleged violation was committed by a person acting under color of state law. Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996–97 (11th Cir. 1990). Plaintiff states that Defendant Alpha EMC, Inc. is a private company, (doc. 1, p. 9), and Plaintiff does not plausibly allege that Defendant was acting under color of state law nor offer any information which would allow the Court to infer that Defendant was a state actor. Indeed, Plaintiff when prompted by the form complaint to state whether he was bringing suit against federal officials, state officials, or local officials, Plaintiff made no indication. (Id. at p. 1.) Hence, Plaintiff's attempt to rely upon Section 1983 as a basis for federal jurisdiction fails. Mulkay v. Land Am. Title Ass'n, Inc., 345 Fed.Appx. 525, 527 (11th Cir. 2009); see Wyke v. Polk County School Bd., 129 F.3d 560, 566–67 (11th Cir. 1997) (discussing the need for a "substantial" federal question in order for a federal court to have jurisdiction under 28 U.S.C. § 1331). Additionally, the Court has reviewed the entirety of Plaintiff's Complaint and finds that he has not plausibly alleged any other basis for the Court to assert jurisdiction over this case. For instance, while he states "EEOC granted right of suit," (doc. 1, p. 10), he does not make any reference to any federal discrimination laws, otherwise invoke such laws, or allege facts that would plausibly state a claim under any such laws. Thus, Plaintiff has failed to carry his burden of establishing that his claims fall within this Court's subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint, and **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 27th day of April, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA